IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**WILTON AMOS ROSS,**

    **Petitioner,**

vs.                                                                                 Case No. 4:90cv40141-MP/WCS

**JAMES MCDONOUGH,**[1]

    **Respondent.**

_____/


**REPORT AND RECOMMENDATION ON MOTION FOR RELIEF FROM JUDGMENT**

This cause is before the court on Petitioner's motion for relief from judgment and "memorandum of law in support of second motion for writ of habeas corpus." Doc. 177. Petitioner relies on Fed.R.Civ.P. 60(b), subsections (1), (2), and (6), and 28 U.S.C. § 2254. *Id.*, pp. 1, 7-8. Petitioner also references 28 U.S.C. § 2244(B)(i),(ii), a subsection

---

[1] The Secretary of the Florida Department of Corrections was named as Respondent throughout the original habeas corpus proceedings. James McDonough recently succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent. Fed.R.Civ.P. 25(d).

which does not exist; presumably he means § 2244(b)(2)(B)(i) and (ii).  *Id.*, p. 1.  He also cites § 2244(b)(3)(a).  *Id.*, p. 2.

Due to the age of the case, the file is in federal archives.  The electronic docket entries begin with doc. 102.  With the exception of the current motion, none of the documents were scanned, and citations to those documents are based on the docket entries.

Counsel was appointed for Petitioner, he was permitted discovery and services of an expert, and an evidentiary hearing was held on August 22 and 23, 1994.  Docs. 103, 105, 111, 117, 118, and 127.  Relief was denied on recommendation of the undersigned.  Docs. 153 and 157.  Judgment was entered on April 12, 1995.  Doc. 158.  The judgment was affirmed.  Doc. 175.

In his Rule 60(b) motion, Petitioner claims that he is entitled to relief based on newly discovered DNA evidence of an unidentified female, not available at the time of his § 2254 hearing, which establishes his innocence.  *See* doc. 177, pp. 2-4, 10-11.  As it affects the prior § 2254 judgment, Petitioner claims the newly discovered DNA demonstrates that this court's resolution of his prior petition was "tainted" because based on facts the State knew or should have known were false, and the facts were false because different results have been reached by testing and the test results in 1983 were different than test results on the same evidence in 2002.  *Id.*, pp. 3-4, 16-17, 21-27.[2]  For relief, Petitioner seeks an evidentiary hearing to determine the identity of the

---

[2] In the referenced pages, Petitioner also claims violations of <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), in the context of Dennis Harwood's

unidentified DNA donor, to decide which DNA results are accurate, and to grant other appropriate relief. *Id.*, p. 28.

Given the prior § 2254 proceedings, Petitioner must obtain authorization from the Eleventh Circuit before filing a second or successive § 2254 motion. § 2254 Rule 9 ("[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); § 2244(b)(3)(A) ("[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). For authorization to be granted on the basis of newly discovered evidence which could not have been discovered previously with due diligence, Petitioner must show that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(B)(i) and (ii).

Whether or not authorization should be granted under the statute is determined by the court of appeals. Petitioner has not obtained authorization for filing a second or second § 2254 petition, and the unauthorized petition must be summarily dismissed.

In <u>Gonzalez v. Crosby</u>, 545 U.S. \_\_, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), the Court explained the difference between a true Rule 60(b) motion and an unauthorized

---

testimony at the criminal trial. He asserts that in addition to showing his innocence, the new DNA evidence lends additional support to these claims.

second or successive § 2254 petition. A "claim" for relief is not present in a true Rule 60(b) motion, which instead "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," and should not be treated as a successive filing. *Id.*, at 2648 (footnote omitted). The Rule 60(b) motion in Gonzalez challenged only the district court's statute of limitations ruling (based on a Supreme Court case decided after that ruling), and so was not the equivalent of a second or successive petition. 125 S.Ct. at 2650.

On the other hand, a Rule 60(b) motion containing one or more "claims" for relief, *i.e.*, "an asserted federal basis for relief from a . . . judgment of conviction," is essentially a successive petition. 125 S.Ct. at 2647 (citations omitted).

> A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id.*, at 2648 (footnote omitted, emphasis by the Court).

Whether it is alleged that the newly discovered evidence affects the court's prior resolution of the § 2254 petition on the merits, or that it establishes innocence, Petitioner has clearly set forth a "claim" for relief for purposes of Gonzalez. This is in substance a second or successive petition for writ of habeas corpus, and should be summarily dismissed as such.

It is therefore respectfully **RECOMMENDED** that Petitioner's motion for relief from judgment, doc. 177, be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 14, 2006.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**